PER CURIAM.
| denied. Relator fails to show he received ineffective assistance of counsel under the standard of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relator’s remaining claims are repetitive and/or unsupported. La.C.Cr.P. art, 930.2; La.C.Cr.P. art. 930.4. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended La.C.Cr.P. art. 930.4 to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in state collateral proceedings in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless relator can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has 12exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.
| «¡ATTACHMENT
*134 [[Image here]]
ORDER
This matter comes befóte the Court on petitioner’s APPLICATION FOR POST-CONVICTION RELIEF. STAMPED AS EILES MARCH 21,2013. SUPPLEMENTAL CLAIMS TO PENDING APPLICATION FOR POST-CONVICTION RELIEF, STAMPED.AS. RILED NOVEMBER S, 2013, STATE’S RESPONSE, STAMPED AS FILED JANUARY 31; 2014, m¿ MOTION TO ENFORCE. STAMPED AS FILED FEBRUARY ¾,2014,
Oft January 17, 2009, the petitioner was found guilty of LSA-R.S. 14:42.1, relative to forcible, rape, Oh January 7, 2010, the court sentenced him to 38 years imprisonment at hard labor. On March 19, 2010, the court found tire petitioner to he a second-felony offender and sentenced bifti to 70 years imprisonment at hard labor under the multiple bill. His conviction was affirmed on appeal, and remanded for re-sentenoing as hia sentence was indeterminate as to parole restrictions. State v. Harris, 11-253(La. App. 12/28/11), 83 So.3d 269; writ denied, State ex rel. Harris v. State, 2012-0401, (La. 8/22/12), 97 So.3d 376, On January 20,2012, the court re-senteneed him to 76 years, without benefits of probation, parole, or suspension of sentence, under the multiple hill.
Petitioner filed an application for post-conviction, relief, alleging the following claims;
1, Denla! ’of right to a fair trial by trial court allowing a correctional officer who worked in (he parish jail where defendant was housed to serve as a juror,
2, Denial of a right to a fair trial when trial court allowed pictures to go into the jury room during deliberations and cdnhsel’s failure to object,
3, Ineffective asaistance of appellate counsel for failing to object to pictures going into jury room,
4, Denial of right to fair trial and due process when the District Attorney solicited fhlse testimony fiom L.C, and M.B. at trial,
5, Denial of right to fair trial when the judge denied his right ta present s defense by not allowing defense counsel to properly lay a foundation to . impeaohing statements when court denied to wait-linger than 30 minutes to recall a detective to establish inconsistency of statements from victim and others victim spoke with,
6, Benúfi of right to fair-trial when counsel failed to object to modified Allen charge when jury sent a note to the judge informing that it was ‘'8-4" and tlie judge replied that it has to be 10-2,
7, Ineffective assistance of counsel in conflict between petitioner and court appointed counsel,
Claim #4a
As to petitioner's claim in #4, pertaining to aoltoiting false testimony, the court finds it procedurally barred fiom review under LSA-C.Cr.P. Art. 930.4(C), which states that unless required in the interest of justice, any elaim for relief which was My litigated in an appeal fiom the proceedings leading to the judgment of conviction and sentence shall not bb considered. This claim (end/or issues within this claim) was previously argued In defendant's writ to too Fito Cirouit Court of Appeal. Because toe Fifth Circuit Court of Appeal has «led on tilts issue, the merits of toe claim shall not he reviewed by this court.
As to claims #1, #2, #4 (pertaining to the State showing the witness evidence), ⅜5, and #6, fie court finds these claims procedurally barred from review. If the application raises a claim the petitioner knew about, but inexcusably failed to raise prior to conviction, the court may deny *135 relief, LSA-C.Cr.P. art, 930.4(B). Additionally, if the application alleges a claim that was raised at trial, but was inexcusably not pursued on appeal, the court may deny relief, LSA-C,Cr,P. art. 930.4(C). The petitioner’s claims are baited because they could have been, but were not, raised , on appeal. Under LS A-C.CrJ?. art. 930.4, such claims should be denied.
Ja
Furthermore, the court finds that under State ex rel. Rice v. State, 749 So.2d 650 (La.1999), petitioner’s use of the Uniform Application satisfies fee requirement of LSA-C:Cr.P. art. 930.4(F). The court fmds.toese claims proceclurally barred tom review in post-conviction relief, ,
Claims #3..6..and 7
It is clear that the petitioner has a Sixth Amendment right to effective legal counsel, Under the well-known standard aet out in Strickland v. Washington, 466 U,S. 668, 104 S.Ct 2052, 80 L.Ed.2d 674 (1984), and State v. Washington, 491 So.2d 1337 (La.1986), a conviction must be reversed if the defendant proves (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced defondant to'th'ef oxtfcBrthBt the'ftihl' was"rendered m$5r~and lie verdict suspect. State v. Legrand, 2002-1452 (La.12/3/03), 864 So.2d 88.
To be successful in arguing a claim of ineffective assistance of counsel, a post-conviction petitioner must prove deficient performance to toe point that counsel is not functioning as counsel within toe meaning of toe Sixth Amendment. A petitioner must also prove actual prejudice to the point that toe results of the trial cannot bo trusted. It is absolutely, essential that both prongs of toe Sirickland test must be established before relief will be granted by a reviewing court.
Furthermore, there is a strong presumption that counsel's performance is within the wide range of effective representation. Effective counsel, however, does not mean errorless counsel and the reviewing court does not judge counsel's performance with the distorting benefits of hindsight, but rafter determines whether counsel was reasonably likely to render effective assistance. State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, 1075.
Mindful of controlling federal and state jurisprudence, this court now toms to toe specific claims of ineffective assistance made in petitioner's application and the State's response.
In claim #3, petitioner argues that counsel was ineffective for failure to object to photographs being taken into toe jury room. The court finds no merit to this claim. As the State points out in its response,’the jury is entitled to view photographic evidence infeiduced during trial, and there would be no basis in law for counsel to lodge an objection. .The court finds ho deficiency in counsel’s performance, and no prejudice resulting,
In-clator/⅜ petitioher argues that counsel 'was ineffective for toiling to object to the modified Allen charge when the jury sent a note, “It’s 8-4 what is that and the judge responded that it had to be 10-2, As the State surmises in its response, the court finds that this does not •constitute an impermissible Allen charge, as the court may instruct a twelve-person jury that ten must agree to reach a verdict. State v. McMahon, 391 So.2d 1120 (La. 1980). The court finds' that any objection by counsel would have been without merit. The court finds no deficiency in counsel’s performance, and no prejudice resulting.
In claim #7, petitioner argues that he was denied effective counsel due to a conflict, but docs not state toe nature of said conflict, or how he was prejudiced in that it affected the outcome of the trial. Petitioner provides no evidence or proof of any actual conflict of interest existed at the time of representation. Petitioner toils to meet hte burden, as required under tSA-C.Cr.P', art. 930,2, and this claim will be denied, ,
Accordingly,
IT IS ORDERED BY THE COURT that petitioner's application for post-conviction relief be and ik herehv HENITiyD. _—
[[Image here]]
*136 [[Image here]]